## Sampson *against* The Commonwealth.

In a criminal case, the court will not pass upon an assignment of error where the allegations of fact constituting it do not appear upon the record otherwise than as a reason for a new trial and in arrest of judgment.

A principal and accessary in a felony may voluntarily appear, plead and go to trial jointly, and the finding is conclusive upon them. Whether they shall be so tried, is discretionary with the court.

The sufficiency or insufficiency of evidence to warrant a conviction of a felony cannot be the subject of consideration upon a writ of error.

The burning of a barn with hay and grain in it, is felony and arson at common law.

An indictment against a principal and accessary in a felony contained two counts against the principal, laying the barn burnt in one as the property of R., and in the other as the property of N., and a third count against the accessary that he did "aid, abet, &c. the said B. to do and commit the said felony and arson, &c." *Held* that the word "said" referred to the count which was its next antecedent, and the offence was thereby well laid.

ERROR to the Quarter Sessions of *Cumberland* county.

This was an indictment against Frederick Boyer and John Sampson for arson, the former as principal and the latter as accessary before the fact. The first count charged Frederick Boyer with feloniously burning the barn of Richard C. Woods, the same having hay and grain therein, contrary to the Act of Assembly, and against the peace and dignity of the Commonwealth. The second count was in the same form, but charged the defendant with burning a barn, described in all particulars as the first, except that it was called the property of Nathan Woods. The third count against John Sampson charged him that he " did unlawfully and feloniously counsel, aid, abet, procure, command, move and incite the said Frederick Boyer to do and commit the said felony and arson in manner aforesaid, contrary to the Act of Assembly, &c. &c." The defendants appeared, pleaded and were tried together, and the jury found them guilty in manner and form as they stood indicted.

The defendant Sampson moved the court for a new trial and in arrest of judgment, for the following reasons:

1. The defendants being tried together as principal and accessary, were entitled to twenty peremptory challenges each, but the court allowed them only twenty together.

2. The court erred in charging the jury that the silence of Sampson was an admission of his guilt, when the boy Boyer said to him, " If you had not told me to burn the barn, we would not now be going to jail."

3. The jury found Sampson guilty upon the mere declarations

[Sampson v. The Commonwealth.]

of Boyer, uncorroborated by any evidence of privity in time, place or circumstance.

4. Sampson had a right to have the evidence of Boyer upon oath, and his declarations were not sufficient to convict him of guilt.

5. The accessary could not be convicted until the principal was first convicted.

6. The verdict was contrary to law and the evidence.

7. The third count in the indictment is vague and uncertain, and charges no offence known to the laws of this Commonwealth, on which the defendant Sampson could be legally convicted and punished.

The court below (HEPBURN, President) overruled these reasons, and sentenced the prisoner.

The same reasons were assigned as errors.

*Brandeberry* and *Reed*, for plaintiff in error, argued that an accessary cannot be legally tried before or with the principal, but by his consent; and that such consent will not be implied from the mere fact of his going to trial with the principal, but must appear by the record affirmatively and expressly. 16 *Mass.* 425; 3 *Mass.* 126; 7 *Serg. & Rawle* 497; 1 *Plowd.* 98 *b ; Broke* 119; *Fitz.* 216; 1 *Hale Pl. of the Crown* 624. A relative pronoun which may be referred to two antecedents, is bad in an indictment. 1 *Leach* 87; 1 *Chit. Crim. L.* 237; *Bouv. Law Dic.* 91, title *Arson ;* 1 *Chit. Crim. Law* 218; 2 *Hale Pl. C.* 178. It was also contended that the indictment was not good, either at common law or on our statute. *Foster* 424: 1 *Serg. & Rawle* 242; 1 *Lawyers' Mag.* 496; 5 *Whart.* 427.

*Graham* and *Watts*, contra, argued that the accessary might be tried with the principal, and that he would only be entitled to a separate trial when injustice would be done by a joint trial; and this was a question which could only be submitted to the discretion of the trying court. 1 *Chit. Crim. Law* 343; *Haw. Pl. C.* 343, *ch. 29, sec.* 47; 2 *Co. Inst.* 184; 2 *Hale Pl. C.* 223. That the offence charged is arson at common law; 3 *Chit. Crim. L.* 868, (1105) ; 3 *Co. Inst.* 67; 1 *Leach* 245; and the conclusion of the indictment, *contra formam statuti*, does not vitiate it as an indictment at common law. *Hawk. Pl. C. ch.* 25, *sec.* 115, *page* 251; 5 *Term Rep.* 163; 1 *Salk.* 212; 3 *Yeates* 414; *Add.* 171. The form of an indictment like the present is found in 2 *Chit. Crim. L.* 6.

The opinion of the Court was delivered by

KENNEDY, J.—The plaintiff in error, by his counsel, has assigned seven errors: 1. That the court erred in not allowing each of the defendants twenty peremptory challenges. It is a sufficient answer

[Sampson v. The Commonwealth.]

to this error to say, that the record does not show that it exists in point of fact.

5. That the court erred in trying the plaintiff in error as accessary before the fact, with the party charged as principal. The record shows that they appeared, pleaded and were tried together, without objection. But even if they had, authority is not wanting to show that the court might, in their discretion, have directed them to be tried together by the same jury. See 1 *Chitty's Crim. Law* 343, and the authorities there cited.

The 2d, 3d, 4th and 6th errors relate to the insufficiency and incompetency of the evidence given on the trial to warrant a conviction. Of these errors, however, we cannot take cognizance, because it is only by means of bills of exception that the evidence given could be placed on the record, so as to have it brought before us; but a bill of exception cannot be taken in a criminal case such as the present to the opinion of the court, in either admitting or rejecting evidence, or to their instructions given to the jury on the sufficiency or insufficiency of it to produce a conviction.

The 7th error is an exception to the indictment, that it is vague and uncertain, inasmuch as the third count, which is the only one against the plaintiff in error, charges that he " did unlawfully and feloniously counsel, aid, abet, procure, command, move and incite the said Frederick Boyer (the principal) to do and commit the *said felony* and *arson*, in manner and form aforesaid, contrary to the Act of Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania." The two preceding counts in the indictment are against Boyer the principal; the first charging him with feloniously, &c. setting fire to and burning a barn of one *Richard* L. Woods, the same barn having grain and hay therein; the second count charging him with feloniously, &c. setting fire to and burning a certain *other* barn of one *Nathan* Woods, the same barn having hay and grain therein. And in the third count against the plaintiff in error, as accessary, the only felony and arson spoken of, mentioned or alluded to, is that mentioned in either the first or second count by using the words " said felony and arson." Now it is objected here, by the counsel for the plaintiff in error, that, first, there is no felony and arson either mentioned or charged previously in the indictment. That the offence charged against Boyer the principal, in the first and second counts, is not felony and arson by the common law, nor is it made so by statute in this State. That burning a barn having hay and grain in it, has, by Act of Assembly, the same punishment affixed to it that is affixed to felony and arson, and that is all that is either declared or intended by the Act of Assembly. But, admitting that we have no Act of Assembly declaring or making the burning of a barn with hay and grain in it a felony and arson, the objection made in this respect cannot avail, for the burning of a barn with hay and grain in it appears

[Sampson v. The Commonwealth.]

to be arson and felony by the common law. See 3 *Chitty Crim. Law* 868, [1105], and the authorities there referred to. Secondly, it is objected, that although there be a felony and arson mentioned and charged in the first and second counts of the indictment, yet it is clear that they are distinct and separate felonies and arsons; and the word " said," in the count against the plaintiff in error, does not necessarily relate to the felony and arson mentioned in the second count, more than to that mentioned and charged in the first count; and therefore the count against the plaintiff in error is bad for uncertainty. We, however, think that the rule *ad proximum antecedens fiat relatio, nisi impediatur sententia*, applies here, and that, according to it, the relative " said" refers to the felony and arson mentioned in the second count, which is the *next* antecedent to it, as there seems to be no impediment to its being so referred arising from the sense and meaning of the whole indictment. *Rep. Temp. Holt.* 449. This rule is one of law as well as of grammar, and must be observed in the construction of writings. Sir Henry Finch recognises it in his discourse on law, page 8, and illustrates it by cases from the year books and Dyer. See *Dyer* 15; *Noy's Maxims* 2; *Wingate's Maxims, maxim* 10. The relative " same," however, always refers to the next antecedent; *Co. Lit.* 20 *b*, 385 *b, also note* 3; and in this respect differs from " said," which only refers thereto when it seems to be consistent with, and to support the meaning and intention as manifested by the other parts of the writing or instrument. We therefore consider the indictment good against the plaintiff in error, and affirm the judgment and sentence of the court below.

Judgment affirmed.