## Commonwealth of Pennsylvania *v.* Frank Ault, Appellant.

*Evidence—Province of court in defining effect.*

Where evidence is before the jury for all purposes it is not error for the court to instruct the jury as to the effect of all the facts which they may find to be established by the evidence.

*Criminal law—Receiving stolen goods—Charge of court.*

It is proper for the court to instruct the jury on the general effect of drunkenness to excuse crime, where it is urged only as an element in determining whether the prisoner had knowledge that goods in his possession were really stolen.

*Criminal law—Indictment—Receiving stolen goods—Pleading.*

When the first count of an indictment properly charges the larceny of certain specific chattels, alleging the value and ownership thereof, and the second count charges the felonious receiving of " the said " chattels, enumerating the same, the words " the said " refer to the first count, and the allegations as to ownership and value set forth in that count are to be read into the second count. Every count should appear, upon the face of it, to charge the defendant with a distinct offense, yet one count may refer to matter in any other count, so as to avoid unnecessary repetitions, and, though the count referred to should, in some other respects, be defective or be rejected by the grand jury, that circumstance will not vitiate the residue.

One offense may be committed to the injury of two or more persons, and where several chattels, the property of different owners, are stolen, or feloniously received, at the same time and place, the whole may be considered as one taking and embraced in one count of the indictment.

The want of a similiter to join the issue, in the plea of not guilty, was amended in the court below, and the motion in arrest of judgment was properly overruled.

Argued May 2, 1899. Appeal, No. 206, April T., 1899, by defendant, from sentence of Q. S. Clarion Co., Feb. Sess., 1898, No. 8, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Indictment for larceny and receiving stolen goods. Before CLARK, P. J.

It appears from the record that the defendant was indicted on the charge of larceny and receiving stolen goods.

On the trial the defendant submitted among others the following point:

[4. In order that possession of stolen goods may be evidence of guilt, it must be with a distinct, implied or expressed asser-tion of ownership. The defendant will not be presumed to have stolen articles which he does not know he possesses. *An-swer :* We answer this point in the affirmative and say to you not only must the possession be recent but it must be personal, exclusive and with a distinct, implied or expressed assertion of ownership. You understand that, gentlemen. First, personal. We can readily understand that if this defendant was in a room where there were a number of other persons staying and perhaps these goods were found in that room, and a number of them there, you might say that he had constructive possession; but when he has the goods himself, as shown in this case, it is a personal possession, if you believe the evidence. And is there anything else to show that he did not have an exclusive posses-sion? And we further say that the personal, exclusive pos-session of goods in the hands of a person is an implied assertion of ownership. There is another matter to be considered, the latter part of this point: " The defendant will not be presumed to have stolen articles which he does not know he possesses." I do not know why this part of the point was put in. If it is meant that the defendant had possession of these goods without knowing it until they were discovered right then and there, why then I can say I understand the point. If he was in such condition by reason of intoxication that he actually got into that buggy and drove from the church to the hotel and down the street with all the property that was shown to be in there in the way of robes, blankets, etc., and he was so drunk he did

not know they were in there, why I would say that he ought not to be convicted; I would say you could not convict him if he did not know he had possession of the goods. But that is a question for you to settle from all the evidence. Did he know it or did he not?] [2]

The court charged the jury in part as follows:

[Evidence has been offered on the part of the defendant that he was intoxicated. It is not shown exactly what the purpose of the offer was. The defendant comes on the witness stand and swears that he did not take this property, I believe that is his evidence, and I do not know but what he stated he did not know he had possession of it. Now, gentlemen, bearing upon that, we say to you that drunkenness, voluntary drunkenness itself, is no excuse for crime, because a man has no right to put himself in that position; but nevertheless the law is that a man may become so intoxicated and so drunken that he would be incapable of forming an intent to carry out the particular crime. It is for you to pass upon this with all the other evidence in the case. Where the existence of a particular specific intent is necessary to constitute a given act and crime evidence that the defendant was intoxicated when he committed the alleged criminal act is relevant, to show he could not have entertained the intent. Bear in mind what we said to you before, in the definition of larceny, that the taking and carrying away of the personal property of another must be felonious—in other words, with the mind of a thief, with the intent to convert the goods to the use of some persons other than the owner. If from such evidence you are convinced the defendant was so intoxicated as to be unable to form a specific intent, you ought not to convict. The specific intent to deprive the owner of his property as well as the taking away are essential ingredients of larceny. If the evidence shows the defendant was too drunk to entertain that intent at the time of the alleged commission of this offense, he should be acquitted. Right here is where you are to weigh the evidence carefully. You are to consider the condition of the defendant at the time he was in this alleged state of intoxication. Did he know what he was doing? You will consider his testimony as given here on the witness stand as bearing on that, his details of what took place there and imme-

diately prior to that time and while he was there; of his coming out of the church after the entertainment was over and the taking of the blankets off the horses and throwing them into his buggy. A defense of this character is one that ought to be scrutinized closely and carefully by the jury; you should view the whole evidence in relation to this alleged intoxication.] [1]

Defendant moved to quash the second count of the indictment assigning the following reasons therefor:

1. The said count does not aver that the articles so alleged to have been received had any value.

2. The said second count does not charge any offense known to the criminal law.

[Now, November 29, 1898, presented and filed in open court and overruled for the present with leave to defendant to urge the same reasons in a motion for arrest of judgment without prejudice to the defendant and with the same effect as if heard on the present motion.] [4]

Defendant moved in arrest of judgment and assigned the following reasons therefor:

[1. The court erred in not granting defendant's motion to quash the second count in indictment.

2. The second count in said indictment does not aver or state: (*a*) the value of the goods alleged to have been feloniously received by the defendant, or (*b*) that the said goods had any value.

3. The second count in said indictment does not charge any offense known to the criminal law.

4. The goods mentioned in the second count in said indictment belonged to different owners and therefore it was error to incorporate them in one count.

5. The commonwealth failed and neglected to join issue with the defendant on his plea of not guilty; this being the case, there was no issue of fact to be tried by the jury. The defendant's plea of not guilty not having been denied or traversed, the facts stated therein must be taken as true, and the verdict of the jury is erroneous and void.

6. The verdict of the jury has no legal standing.

7. The entire trial was irregular, illegal and void.

And now, February 25, 1899, after argument of counsel

and upon due consideration of the motion in arrest of judgment in the above stated case (and the motion for new trial having been refused), the motion in arrest of judgment and the reasons therein assigned are hereby overruled, and judgment is ordered to be entered on the verdict; and it is further ordered that the defendant appear forthwith for sentence.] [6]

Verdict of guilty and sentence thereon.   Defendant appealed.

*Errors assigned* among others were (1) to portion of the judge's charge, reciting same.   (2) In answer to defendant's fourth point, reciting same.   (4) Refusing motion to quash the second count of the indictment, reciting the reasons and order thereon.   (6) Refusing motion in arrest of judgment, reciting reasons and order thereon.

*A. A. Geary*, with him *G. G. Sloan*, for appellant.—The second count in the indictment is also defective in not setting forth the name of the owner of the alleged stolen chattels or in stating that the owner is unknown: 2 Bishop's New Crim. Proc. secs. 981, 982; Com. v. Miller, 2 Parsons, 484, 487.

It is important to adhere to established forms in criminal procedure: Com. v. Brown, 138 Pa. 447, 451.

At no time did the defense urge the intoxication of defendant as an excuse because it precluded the formation of the intent, neither during the trial, in the points, nor in the argument to the jury.

Mere possession of stolen property will not sustain a conviction of receiving, etc.: State v. Bulla, 89 Mo. 595; People v. Ah Ki, 20 Cal. 177.

In a case where stolen goods are found in the possession of the defendant who uses no deception or artifice when so found, and whose conduct considering his condition, is consistent with innocence, we submit that there ought to be at least some degree of evidence of knowledge of the theft of the goods.   As above stated mere possession is not sufficient from which to infer guilty knowledge.

*Jno. S. Shirley*, district attorney, and *W. A. Hindman*, with them *H. M. Rimer*, for appellee.—Both counts of this indictment were drawn in the form prescribed in Wharton's Prece-

dent of Indictments and Pleas (ed. of 1881), pp. 396, 397, and (ed. of 1871), pp. 389, 390, and was sustained: Com. v. Mc-Mickle, Supreme Court, Pennsylvania, July term, 1828, No. 48; Com. v. Vandyck, March term, 1828, No. 32, not reported.

In Fulmer v. Com., 97 Pa. 503, the defendant was convicted on an indictment of the same form, as shown by the statement of facts in the case.

The want of a similiter to join the issue in the plea of not guilty to the indictment, is amendable in the court below: Wilson v. Com., 10 S. & R. 373.

Drunkenness is no excuse for crime. If a man makes himself voluntarily drunk, it is no excuse for any crime he may commit while he is so. He takes the consequence of his own voluntary act, or most crimes would go unpunished: Com. v. Cleary, 135 Pa. 64.

The burden is always on the defendant to satisfy the jury that he was in such a state of intoxication as to be incapable of conceiving any intent: Com. v. Hart, 2 Brewster, 546.

If drunkenness be set up as an excuse for, or in mitigation of, crime, the proof must not only be deliberately scrutinized, but fairly preponderated in favor of the proposed hypothesis: Jones v. Com., 30 P. L. J. 423.

Possession of the goods may, as in larceny and under the like rules and with the like effect, be evidence against the receiver: 2 Bishop's Criminal Procedure, 989.

OPINION BY W. D. PORTER, J., July 28, 1899:

The appellant offered evidence, upon his trial in the court below, tending to show that he was under the influence of liquor at the time of the alleged offense. The court charged the jury as to the general effect of drunkenness, when established by evidence, to excuse crime, and the rule applicable to such a case when the burden was upon the commonwealth to establish a felonious intent. The first specification of error complains of the court in charging the jury upon that question. The complaint is not that there was error in the statement of the law, but that because defendant's counsel did not in his address to the jury assert that drunkenness was an excuse for crime, simply arguing that the defendant was so drunk that he did not know that he had possession of the stolen property,

the charge of the court ought to have been confined to the bearing of the evidence upon that one fact. The evidence was before the jury for all purposes, and it was not error for the court to instruct the jury as to the effect of all the facts, which they found to be established by that evidence, upon the question of the guilt of the defendant. The instructions upon this question were, certainly, as favorable to the defendant as the law warranted, and the first specification is overruled.

The second specification is based upon the answer of the court to defendant's fourth point. The court affirmed the point, and then, in substance, explained that possession of stolen goods, in order to be evidence of guilt, must be recent, personal, exclusive, and with distinct assertion of ownership; and that if the defendant, being drunk, did not know that he had possession of the goods, he ought not to be convicted. With some of the elements of the character of the possession necessary to sustain a conviction of receiving stolen goods, stated in this explanation, the commonwealth might have found fault, but the defendant had no just ground for complaint. If goods which had recently been stolen were found in his personal and exclusive possession and he knew that he so had them in his possession, that was evidence which it was proper for the jury to consider, in connection with all the evidence in the case, in passing upon the question of the guilt of the defendant. The second specification is overruled.

The third, fourth and fifth specifications of error relate to the sufficiency of the second count of the indictment, upon which, alone, the appellant was convicted. The indictment contained two counts, the first charging larceny and the second receiving stolen goods. The only defects alleged against the second count are that it fails to allege the value and ownership of the property, and that, if it does make such allegation, the goods were the property of different owners and could not be charged in the same count. The first count described the property and laid the value and ownership as, " One knee blanket, of the value of five dollars, and one buggy whip, of the value of fifty cents, the property of A. C. Wilson; one fur robe, of the value of six dollars, the property of G. W. Heeter," etc., giving the value and ownership of various specific chattels and alleging the aggregate value of the whole lot.

The second count charged the felonious receiving of " the said one knee blanket, one buggy whip, one fur robe," etc. When the first count of an indictment properly charges the larceny of certain specific chattels, alleging the value and ownership thereof, and the second count charges the felonious receiving of " the said " chattels, enumerating the same, the words "the said " refer to the first count, and the allegations as to ownership and value set forth in that count are to be read into the second count. Every count should appear, upon the face of it, to charge the defendant with a distinct offense, yet one count may refer to matter in any other count, so as to avoid unnecessary repetitions, and, though the count referred to should, in some other respect, be defective or be rejected by the grand jury, that circumstance will not vitiate the residue : Sampson v. Com., 5 W. & S. 385 ; 1 Chitty's Criminal Law, 250 ; Redman v. State, 1 Blackford (Ind.), 429 ; 2 Henry Blackstone, 131. One offense may be committed to the injury of two or more persons, and where several chattels, the property of different owners, are stolen, or feloniously received, at the same time and place, the whole may be considered as one taking and embraced in one count of the indictment : Fulmer v. Com., 97 Pa. 503 ; State v. Hennessey, 23 Ohio St. 339. The second count of this indictment answered all the purposes of certainty required by law, and the third, fourth and fifth specifications of error are without merit. The want of a similiter to join the issue, in the plea of not guilty, was amended in the court below, and the motion in arrest of judgment was properly overruled : Wilson v. Com., 10 S. & R. 373 ; Dougherty v. Com., 69 Pa. 286, 293.

The sixth and seventh specifications are founded upon those already disposed of and must fall.

The judgment is affirmed. And it is ordered that Frank Ault, the appellant, be remanded to the custody of the keeper of the jail of Clarion county, there to be confined according to the sentence of the court below, for the residue of the term to which he was sentenced, which had not expired on the 4th day of March, 1899, when this appeal was taken and a supersedeas allowed ; and that the record be remitted to the court below that the sentence and this order be carried into effect.