Commonwealth *v.* Walter, Appellant.

Argued November 11, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Cloyd Steininger*, and with him *Harry M. Showalter*, for appellant.

*Curtis C. Lesher*, District Attorney, for appellee.

Opinion by Linn, J. November 22, 1929:

Appellant was indicted for receiving "29 chickens of the value of $50" contrary to Section 109 of the Criminal Code, (1860, P. L. 382, 410), providing: "If any person shall buy or receive any goods, chattels,

moneys or securities, or any other matter or thing, the stealing of which is made larceny by any law of this Commonwealth, knowing the same to be stolen or feloniously taken, such person shall be guilty of felony, ......'' He was convicted and sentenced to imprisonment in the pentitentiary for a term of from one to three years.

The only exception in the record (save an immaterial one to the refusal of a motion made when the Commonwealth rested, and hereafter referred to) is to the refusal to grant a new trial. When the refusal of a new trial is assigned for error, the general rule is that we examine the record only to see whether there was abuse of discretion in refusing the motion. In the course of appellant's trial, and without objection then made on his behalf, he was deprived of a right guaranteed to him by Article 1, Section 9 of the Constitution, —the right to face and cross-examine witnesses against him. For that error we must grant a new trial.

The court erroneously instructed the jury as follows: ''What have you in this case? We have it found already and passed upon by competent authority, that these chickens were stolen from Mr. Dershem. That is not disputed. The question involved in the case preceding this case was, who stole them? That question has been solved by the verdict of a jury ......'' What occurred will appear more clearly by a quotation from the opinion refusing a new trial; the trial judge said: ''One Leon Wenrich was tried immediately before the trial of this defendant [Walter] on the charge of the larceny of chickens and was found guilty. This defendant was then tried on the charge of buying these chickens stolen by Wenrich from him with knowledge of them having been stolen. So that Walter's case rests upon that of Wenrich. If Wenrich had been found not guilty of the larceny of the chickens, Walter could not have been convicted. Inasmuch as Wenrich

was found guilty of the larceny of the chickens, Walter could be found guilty of receiving them into his possession by sale if the jury found he had knowledge of them having been stolen, which they, by their verdict rendered, apparently so found.''

The Commonwealth had the burden of proving beyond a reasonable doubt: 1, that the chickens were stolen; 2, that appellant received them; 3, that he received them ''knowing the same to be stolen ......'' The jury trying this indictment was not permitted to find whether the chickens had been stolen. They were instructed to take the fact of theft as established by another trial at another time. While the owner of the chickens did testify in this case that his chickens were stolen, the matter was not submitted to the jury; in the circumstances we are unwilling to say that the error was harmless. The record of the conviction of the thief will not be received against objection in the trial of the receiver as evidence of the theft of the property alleged to have been received; even a statute providing that such a record shall be conclusive evidence against a receiver would conflict with the constitutional provision referred to.

The subject is exhaustively considered in Kirby v. U. S., 174 U. S. 47, pp. 54 to 61. Kirby was convicted of receiving property of the United States in violation of an Act of Congress of March 3, 1875, c. 144: 18 Stat. 479. In its second section it provided ''...... and such receiver may be tried either before or after the conviction of the principal felon, but if the party has been convicted, then the judgment against him shall be conclusive evidence in the prosecution against such receiver that the property of the United States therein described has been embezzled, stolen or purloined.'' The thieves, three in number, had been indicted; two pleaded guilty, and the third was convicted. The record showing their conviction was offered in evidence in

Kirby's trial to show that he received property that had been stolen from the United States; its admission in evidence was objected to and was the subject of review. It was held that the statutory provision quoted above was in conflict with the 6th amendment providing that in criminal prosecutions the accused shall be confronted with the witnesses against him, and reference was made to American and English authorities supporting the view that the fact of theft could not be proved by the offer of the record of the conviction of the thief: see pp. 54-60. On p. 60 it is said: "The principle to be deduced from these authorities is in harmony with the view that one accused of having received stolen goods with intent to convert them to his own use, knowing at the time that they were stolen, is not, within the meaning of the Constitution, confronted with the witnesses against him when the fact that the goods were stolen is established simply by the record of another criminal case with which the accused had no connection and in which he was not entitled to be represented by counsel. As heretofore stated the crime charged against Wallace, Baxter and King [who committed the larceny] and the crime charged against Kirby were wholly distinct—none the less so because in each case it was essential that the Government should prove that the property described was actually stolen. The record of the proof of a vital fact in one prosecution could not be taken as proof in the other of the existence of the same fact. The difficulty was not met when the trial court failed as required by the Act of 1875 to instruct the jury that the record of the conviction of the principal felons was conclusive evidence of the fact that the property had been actually stolen, but merely said that such record made a prima facie case as to such fact. The fundamental error in the trial below was to admit in evidence the record of the conviction of the principal felons as com-

petent proof for any purpose. That those persons had been convicted was a fact not necessary to be established in the case against the alleged receiver; for, under the statute, he could be prosecuted even if the principal felons had not been tried or indicted. As already stated, the effect of the charge was to enable the Government to put the accused, although shielded by the presumption of innocence, upon the defensive as to a vital fact involved in the charge against him by simply producing the record of the conviction of other parties of a wholly different offense with which the accused had no connection.''

Of course, if the record is incompetent to prove the fact, it cannot be proved by stating to the jury that the larceny had been proved in some other trial.

We shall not discuss the other extracts from the charge assigned for error; in effect appellant contends that in submitting the evidence to the jury to find guilty knowledge at the time of receiving, the trial judge erroneously permitted the jury to consider what was said to appellant by the owner of the chickens after they were brought to Mifflinburg, several miles from where they were purchased, and also what was thereafter done by appellant with them. Directly related, as these circumstances, stated in the evidence, are to appellant's own testimony that about a week before he bought the chickens from the thief he had heard rumors that the thief was accused of stealing them, the testimony was properly submitted to the jury because it was sufficient, if believed, to justify the inference by the jury that he knew, at the time that he received them, that the chickens had been stolen. In such transaction a man's belief is equivalent to knowledge: 2 Bishop Criminal Law, Sec. 1138; Le Fanti v. U. S. (C. C. A. 3rd Cir.), 259 Fed. 460; Huggins v. People, 135 .Ill. 243, 25 N. E. 1002; People v. Tantenella, (Mich.), 180 N. W. 4. But the instructions to the

jury should confine its consideration of that evidence to the matter of guilty knowledge only,—that is, knowledge at the time the chickens were bought. If he did not then know that they had been stolen, the facts (1) that he was so informed some time after he had completed the purchase, and (2) that he then sold them, will not alone be enough to sustain his conviction of receiving stolen goods knowing them to have been stolen. As we understand the charge, the instruction in this respect was wrong.

Concerning the exception to the refusal of the motion made when the Commonwealth rested ''to quash the indictment and dismiss the case, for the reason that no evidence has been produced to show that the defendant knew, when he purchased the chickens, that they were stolen'' it is sufficient to say that as a motion to quash the indictment, it was made too late, and as a motion to dismiss, it is not reviewable on this record: Com. v. DeGeorge, 89 Pa. Superior Ct. 188.

Judgment reversed and a new trial awarded.