Com. of Pa. v. Baker, Appellant.

Argued September 24, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*William A. Gray,* for appellant.

*Charles C. Gordon,* and with him *Clare G. Fenerty,* Assistant District Attorney, and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY KELLER, J., November 22, 1934:

Appellant was convicted of having violated the provisions of the Act of April 23, 1909, P. L. 159,—the offense commonly known as 'receiving stolen goods.' It will be noted that the act—which is printed in the margin—makes it a felony for any person to buy, have or receive any goods, etc. which shall have been stolen or feloniously taken, *knowing the same to have been stolen or feloniously taken.* The sixth assignment of error complains that the learned trial judge in charging the jury defined the offense as follows: "Now, what is the crime of receiving stolen goods? The law says it is the acquiring of goods knowing them to have been stolen, *or under such circumstances as would lead a man of reasonable prudence to suspect that they were stolen.*" [Italics supplied.]

This was adding to the offense as defined by the General Assembly something that was not in the act. It was most material and in our opinion requires a reversal of the judgment. The act of assembly itself furnishes the best definition of the crime. It differs in form from the statute of June 20, 1919, P. L. 542, making it a felony to receive or bring into this Commonwealth goods, etc., stolen in any other State, in that in the latter act the words used are "knowing or having reasonable cause to know the [goods] to have been stolen."

The legislature, in the Act of 1909, supra, did not declare it to be a felony for a person to buy, have or

---

Be it enacted, &c., That if any person shall buy, have, or receive, within the limits of the Commonwealth of Pennsylvania, any goods, chattels, moneys, or securities, or any other matter or thing, which shall have been stolen or feloniously taken, either in the Commonwealth of Pennsylvania or in any other State or country, knowing the same to have been stolen or feloniously taken, such person shall be guilty of felony, and, on conviction, suffer the like pains and penalties which are by law imposed upon the person who shall have actually stolen or feloniously carried away the same within the limits of this Commonwealth.

receive stolen goods 'under such circumstances as would lead a man of reasonable prudence to suspect that they were stolen,' but only, *'knowing* the same to have been stolen.' Penal statutes must be strictly construed and cannot be enlarged in scope by the courts, to the prejudice of the accused. The instruction was wrong in two respects: (1) The question at issue was the knowledge of this particular defendant as to the goods having been stolen; not that of a hypothetical man of reasonable prudence; this defendant may, or may not, be a man of reasonable prudence; and (2) the question for the jury was whether this defendant *knew,*—not *suspected*—that the goods were stolen. Unless they found that he knew they were stolen at the time they were bought there could be no conviction.

Knowledge is of course subjective, and whether a person knows a thing or not is generally, or at least frequently, determined by circumstances. The jury may infer, from circumstances tending to show knowledge on the part of a defendant, that he knew that the goods he was buying were stolen, but in order to find him guilty of the offense charged they must be satisfied beyond a reasonable doubt, that he *knew* they were stolen. It is not sufficient for them to find that the defendant should have *suspected* they were stolen. In Kilrow v. Com., 89 Pa. 480, 487, the Supreme Court said, speaking through Mr. Justice WOODWARD: "The Commonwealth was bound to prove guilty knowledge to secure a conviction." In Com. v. Walter, 97 Pa. Superior Ct. 244, Judge LINN, speaking for this court said: "The Commonwealth had the burden of proving beyond a reasonable doubt: 1, that the chickens were stolen; 2, that appellant received them; 3, that he received them 'knowing the same to be stolen ......' " (p. 247), and "We shall not discuss the other extracts from the charge assigned for error; in effect

appellant contends that in submitting the evidence to the jury to find guilty knowledge at the time of receiving, the trial judge erroneously permitted the jury to consider what was said to appellant by the owner of the chickens after they were brought to Mifflinburg, several miles from where they were purchased, and also what was thereafter done by appellant with them. Directly related, as these circumstances, stated in the evidence, are to appellant's own testimony that about a week before he bought the chickens from the thief he had heard rumors that the thief was accused of stealing them, the testimony was properly submitted to the jury because it was sufficient, if believed, to justify the inference by the jury that he knew, at the time that he received them, that the chickens had been stolen. In such transaction a man's belief is equivalent to knowledge: 2 Bishop Criminal Law, Sec. 1138; LeFanti v. U. S. (C. C. A. 3d Cir.), 259 Fed. 460; Huggins v. People, 135 Ill. 243, 25 N. E. 1002; People v. Tantenella, (Mich.), 180 N. W. 4. But the instructions to the jury should confine its consideration of that evidence to the matter of guilty knowledge only, —that is, knowledge at the time the chickens were bought. If he did not then know that they had been stolen, the facts (1) that he was so informed some time after he had completed the purchase, and (2) that he then sold them, will not alone be enough to sustain his conviction of receiving stolen goods knowing them to have been stolen. As we understand the charge, the instruction in this respect was wrong.'' (pp. 249, 250).

We are aware that there is some difference of opinion in other jurisdictions, but the decisions of the appellate courts in this Commonwealth do not justify the instruction complained of. The sixth assignment of error is sustained.

There is some ground for complaint by the appellant (see fourth and fifth assignments) relative to the

court's charge as to the defendant's character evidence. In view of our action on the sixth assignment we need not decide whether these portions of the charge constitute reversible error. On the retrial, however, the usual instructions relating to character evidence should be given without incorporating in them any qualification by reason of the defendant's oath as a policeman, or any reference to it in connection with such evidence. They are not related to each other.

The eighth and ninth assignments must also be sustained. The evidence shows that the two guns were delivered to the defendant at the same time. It was one transaction, and one offense, irrespective of whether the first offer to sell related to only one gun. The evidence justified only one sentence on conviction: Com. ex rel. Ciampoli v. Heston, 292 Pa. 501, 141 A. 287; Com. v. Ault, 10 Pa. Superior Ct. 651, 658; Com. v. Ernesto, 93 Pa. Superior Ct. 339, 346, 347, 348.

The judgment is reversed and a new trial awarded.