Dissenting Opinion by
 

 Rhodes, J.:
 

 I am obliged to dissent from the conclusion reached by the majority, as I feel that it is contrary to a funda
 
 *335
 
 mental principle of criminal law. In my opinion section 807
 
 [1]
 
 of the Act of April 28, 1937, P. L. 417, 31 PS § 700j — 807, in force at the time the alleged offense was committed, does not embrace the facts in this case. The conviction of defendant can be upheld only upon the theory that he is criminally responsible for the act of his dairymaid wrhen she sold a gallon of milk for 30 cents, whereas the order of the Milk Control Commission established the price at 10 cents per gallon. The record does not, disclose that defendant directed, or in any way participated in, this sale at a price below the minimum set by the commission. We have repeatedly recognized the common law rule that generally a principal cannot be held criminally responsible for the unlawful acts or representations of his agent, though committed in connection with the principal’s business, unless it appears that he in some way participates in, countenances, or approves the criminal acts of his agent or representatives. 21 R. C. L., Principal and Agent, § 113, p. 934;
 
 Com. v. Johnston,
 
 2 Pa. Superior Ct. 317, 332, 338, 339;
 
 Com., for use, v. Ohio & Pennsylvania, Railroad Co.,
 
 1 Grant’s Cases 329, 350, 352;
 
 State v. Woolsey et al.,
 
 80 Mont. 141, 259 P. 826, 833. The civil doctrine, qui facit per alium, facit per se, has no application to criminal law; the mere fact of agency, standing alone, is insufficient to impose criminal liability upon the principal, even though the acts of the agent were done in the course of his employment. 16 C. J. p. 123; 22 C. J. S., Criminal Law, § 84 (a).
 

 While it may be conceded that the legislature may by
 
 *336
 
 statute provide for the criminal responsibility of tbe principal for the illegal acts of bis agent (21 R. C. L., Principal and Agent, § 114, p. 935), tbe statutory law of tbe state, in my judgment, cannot properly be construed as having imposed it in tbe present case. Such legislative intention must be evidenced not by implication but by clear expression wbicb leaves no reasonable doubt.
 
 McDonald v. Hearst,
 
 95 F. 656, 658. See, also,
 
 Com. v. Junkin et al.,
 
 170 Pa. 194, 203, 32 A. 617;
 
 Com. v. Johnston,
 
 supra, p. 337.
 

 •As I view it this is not a question of tbe construction of a statute to determine whether tbe legislature forbids the commission of an act regardless of tbe
 
 doer’s
 
 intent or knowledge, but rather tbe interpretation of a statute to determine whether the principal is to be held criminally liable for the commission of an offense by an
 
 agent.
 
 See
 
 Com. v. Johnston,
 
 supra, p. 334. In my opinion, section 807 of tbe Milk Control Law, 31 PS § 700j — 807, prior to tbe amendment by tbe Act of July 24, 1941 (No. 177), did not impose this criminal liability, and cannot be so construed. Without going beyond tbe words of tbe section, I think tbe use of tbe phrase “it shall be unlawful for a milk dealer or producer to sell or buy......milk at any price below tbe minimum
 
 ......”
 
 is determinative in tbe present situation. It would require clear and unequivocal language to convince me that tbe legislature intended by this section to take tbe present situation out of tbe common law rule. No such clear and unequivocal statutory language exists, and nowhere in tbe section or elsewhere was reference made to agency. Laws wbicb create punishable offenses ought to be explicit so that all may know what they prohibit, and what conduct will render one liable to punishment.
 
 Com. v. Zaslof,
 
 338 Pa. 457, 464, 13 A. 2d 67, 128 A. L. R. 1120. It is to be expected that there may be a difference of judicial opinion as to bow far under the designation of tbe common law acts can be held by tbe courts to be criminal when not so char
 
 *337
 
 acterized. in the Penal Code of this state, hut to me there is no justification for any court to unduly extend the scope of a statute by judicial construction, and impose criminal responsibility even if convinced that it should have reflected in its terms that which it does not. “Law as a guide to conduct is reduced to the level of mere futility if it is unknown and unknowable.” The Growth of the Law (1924) p. 3. Cardozo.
 

 It is not a question of what the legislature might have said but what it did say. The statement in the majority opinion that if a principal or proprietor was to be relieved from the acts of his agent or servant except upon proof of knowledge the legislature would have said so is untenable. On the contrary, if the legislature had intended that a principal was to be made criminally liable for the acts of his agent, it would have said so. By the Act of July 24, 1941, it has amended section 807 of the Act of 1937, 31 PS § 700j — 807, and said that violations of the statute by the agent shall be deemed the acts of the principal. The Act of 1941 and contemporary legislation support the view that the legislature never intended the result reached in the majority opinion. The amendatory Act of June 1, 1937, P. L. 1127, § 1, 31 PS § 1, provides: “It shall be unlawful for any person, firm ......, by himself, herself, itself......, or by his, her, its, or their agents, servants, or employes, to manufacture, sell, offer for sale, expose for sale, or have in possession with intent to sell, any article of food which is adulterated or misbranded within the meaning of this act.” By section 602 of the Pennsylvania Liquor Control Act, as last amended by the Act of June 16, 1937, P. L. 1762, § 1, 47 PS § 744-602, there are 30 prohibitions detailed under the heading of illegal acts. In some instances the legislature says it shall be unlawful for any person, by himself, or by an employee or agent, etc., to do certain things. See, also, Public Utility Law of May 28, 1937, P. L. 1053, § 1301 (a), 66 PS § 1491 (a). Prom these clear expressions it
 
 *338
 
 appears, and it is reasonable to presume, that the legislature did not here intend to impose criminal responsibility upon a principal for the acts of his agent beyond the common law rule except in instances where it expressly so stated.
 

 There is not here involved an absolute prohibition or suppression of a business which statutes have declared from time to time, such as the manufacture of oleomargarine, or the manufacture and sale of intoxicating liquors, or adulterated foods (Act of June 1,1937, P. L. 1127, § 1, 31 PS §1). The milk business is a legal business, and is not in the same category as the liquor business or the selling of adulterated foods. It is only the sale of wholesome milk at a price below that set by the commission that is prohibited. To say that it was the legislative intent to place the burden of proof upon a milk producer or dealer in a criminal action to establish that his agent disregarded his positive orders is to read into section 807 something which did not exist, and the result is judicial legislation. Reference is made in the majority opinion to sections 401 and 608 of the act, 31 PS §§ 700j — 401, 70Qj — 608, wherein knowledge or intent must be proved as part of the evidence under those sections. The argument made is that by inference those elements were not required under the present section. The conclusion sought does not logically follow the premise, as this criminal prosecution was not instituted because defendant as an actual violator, independent* of his intent or knowledge, personally offended section 807 of the act. Moreover, the legislature by the Act of 1941 has now specifically provided that knowledge is unnecessary whether the sale is made by the principal himself or through another.
 

 The Commonwealth urges that public policy demands the conclusion reached by the majority. But it is not our function to engraft on a statute additions which the legislature might have made. Statutes creating crimes are to be strictly construed in favor of the ac
 
 *339
 
 cused
 
 (Com. v. Duane,
 
 1 Bin. 601, 608, 2 Am. Dec. 497;
 
 Com. v. Baker,
 
 115 Pa. Superior Ct. 183, 186, 175 A. 438; Statutory Construction Act, 1937, P. L. 1019, § 58, 46 PS § 558); statutes in derogation of the common law enacted prior to the Act of May 28, 1937, P. L. 1019, § 58, 46 PS § 558, are similarly construed and only such modification adopted as the statute clearly and definitely prescribes
 
 (Com. v. Hubbs (No. 1),
 
 137 Pa. Superior Ct. 229, 239, 8 A. 2d 611). Penal statutes may not be held to extend to cases not clearly covered by the words used.
 
 United States v. Katz et al.,
 
 5 F. 2d 527, 528, affirmed, 271 U. S. 354, 46 S. Ct. 513, 70 L. Ed. 986;
 
 Com. v. Lanzetti et al.,
 
 97 Pa. Superior Ct. 126, 128. They should not be enlarged by implication; there are no constructive offenses.
 
 United States v. Resnick et al,
 
 299 U. S. 207, 210, 57 S. Ct. 126, 81 L. Ed. 127.
 

 I do not agree that every unlawful sale by an agent is prima facie evidence of assent thereto by the principal, and imposes liability unless rebutted. Certainly this is not the general rule as to criminal liability. To sustain the proposition the majority opinion cites
 
 Com. v. Park and Reed,
 
 1 Gray (Mass.) 553 (1854),
 
 Com. v. Nichols,
 
 10 Met. (Mass.) 259 (1845), and
 
 Com. v. Johnston,
 
 supra. The Massachusetts cases involved sales of spirituous liquors without a license. In
 
 Com. v. Nichols,
 
 supra, it was held that a sale of spirituous liquor, prohibited by law, at the shop of the principal by an agent usually conducting his business, the liquor being owned by the principal, was properly classified as belonging to that group of cases which holds that such a sale is prima facie evidence of a sale by the principal, and, if unexplained, is sufficient to convict the principal. The Massachusetts court recognized that classification, into which the Nichols case was placed, as an exception to the general rule, and said (p. 260) : “There must be a direct participation in the act, or such assent and concurrence therein, as would involve him morally in the guilt of the action. Hence the cases are com
 
 *340
 
 paratively rare, and may be considered as exceptions to the general rule, where by legal rules a party is charged criminally for acts of his servant done without his knowledge and assent.” In
 
 Com. v. Park and Reed,
 
 supra, the only question involved was whether there was a variation between the allegata and probata. It was held that it was not necessary to allege in the indictment that the sale was by the defendant through his servant’s agency.
 

 In the Nichols case the defendant owned the liquor which he had no right to sell. In the present case sale of the milk was obviously legal. It cannot be assumed that a principal, who authorizes a legal and proper act to be done by an agent, is responsible for a criminal act done by an agent while performing the legal and proper one, unless necessary and natural for the performance of the legal act. The present facts warrant no assumption that there is prima facie evidence that defendant authorized the illegal, as well as the legal, acts of his agent.
 

 It is stated in the majority opinion that we held in
 
 Com. v. Johnston
 
 that it was for the defendant, who was a druggist, to prove the unlawful sale by his employee was contrary to his express orders. Defendant had been indicted and tried under section 15 of the Act of May 13, 1887, P. L. 108, for selling liquor without a license. Section 16 made certain exceptions relative to the sale of intoxicating liquors by druggists. The defendant sought to introduce evidence that the illegal sale was contrary to his orders and without his knowledge. The offer was refused, and the trial judge instructed the jury that it was immaterial. The defendant was convicted. The question raised as stated by this court was whether a man can be convicted of a crime perpetrated by his agent in doing an illegal act which he had been specifically ordered not to do by his principal. The judgment was reversed and a new trial awarded. We held that the evidence should have
 
 *341
 
 been admitted, and that the instructions were erroneous. This case is distinguishable from the instant case as the defendant had in his possession for sale spirituous liquors, the selling of which was generally prohibited. He attempted to excuse himself and defend as a druggist under the sixteenth section, and if he had kept within the provisions of the latter section his defense would have been good. Otherwise he could be convicted as any other unlicensed person for selling liquor without a license. The opinion stated the general rule as follows (p. 332) : “Ordinarily the principal is not held criminally responsible for the acts of his servant or agent unless he in some way participates in, countenances or approves the criminal act of the agent, nor can a principal be held criminally liable for the act of his agent in opposition to his will and against his orders.”
 

 We still have in all criminal cases a presumption of innocence which remains with the accused until proved guilty beyond a reasonable doubt. When the Commonwealth has submitted sufficient evidence to show all the elements of the crime with which the accused is charged, a prima facie case is made against him. The presumption of innocence in favor of defendant is then sufficiently met to take the case to the jury. But mere proof of agency or an isolated sale by the agent is here insufficient. It may be that an agent would hardly undertake to sell in his employer’s establishment without some authority; but it is obviously much more likely that an agent employed- to make lawful sales would occasionally go beyond his authority than he would in a wholly unauthorized business. In
 
 Hazleton Coal Co. v. Megargel,
 
 4 Pa. 324, at page 329, it is said:
 

 “Nor does any
 
 presumption
 
 of the company’s guilt arise from the act of its officer; for while the presumption of law, on the one hand, is that the officer did no more than his duty, the presumption of innocence on the other is, that the company did not instruct him
 
 *342
 
 to violate the law.” Mr. Justice Black, in
 
 Com. v. Ohio & Pennsylvania Railroad
 
 Co., supra, 1 Grant’s Cases 329, at page 350, said: “A servant of the corporation who does an act forbidden by law, is responsible for it in his own person; and the corporation is not presumed to have given him any authority for such an act.”
 

 As the statute before amendment provided for a penalty against the milk dealer or producer when an actual violator, it would be contrary to fundamental legal principles to extend it by judicial interpretation to embrace the present situation by implication. There is no end to the possible results of a doctrine which permits this to be done.
 

 I would, therefore, affirm the order of the court below, and discharge defendant.
 

 Cunningham and Stadteeld, JJ., join in this dissent.