## Laird *versus* Campbell.

100  159
130  632
100      159
28 SC  ³629

1. An agreement by one of several creditors of a common debtor to take less than the amount of his claim, on condition that all the rest of the creditors become parties to an agreement to that effect, does not operate as a discharge of the debt, unless all the creditors become parties to such agreement.

2. A., desiring to effect a compromise with his creditors, drew up an agreement to that effect, and intrusted the same to B. with instructions to present it to the creditors in New York, and secure their signatures thereto. B. presented the agreement to C., one of A.'s creditors in New York, informing him that unless all A.'s creditors signed the agreement it would not be binding. B. had no authority to make this representation, but C. in consequence thereof signed the composition agreement. Several of A.'s creditors having subsequently refused to become parties to the agreement, and suit being brought by C. against A. for the full amount of his debt,—*Held*, that the plaintiff was not bound by the agreement, and that defendant could not adopt the benefit of the contract procured by B., without being bound by B.'s unauthorized representations. *Held*, therefore, that the plaintiff was entitled to judgment.

3. Where testimony incompetent at the time of its admission, becomes competent at a later stage of the trial, its admission does not constitute ground for reversal.

4. A party's books kept for the purpose of charging goods sold and delivered, in which the entries are made contemporaneously with the delivery of the goods, and by the person whose duty it was for the time being to make them, are admissible as evidence of the delivery of the goods therein charged.

5. Where in such case the entry is made before the property in any specific goods has passed, the book is not admissible in evidence.

March 23d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of January Term 1882, No. 199.

[Laird *v.* Campbell.]

Assumpsit, by William Campbell, against W. W. Laird, upon a promissory note made by Laird, July 2d 1877, to the order of Campbell, for $253.13, with interest, payable five months after date; also on a book account containing entries, dating from September 24th 1877, to October 5th 1877, amounting to $147.

On the trial, before YERKES, J., the following facts appeared : In November, 1877, the defendant Laird, being financially embarrassed, called a meeting of his creditors, at which the following agreement of composition was signed and sealed by nearly all the creditors present :—

" We, the undersigned, creditors of William W. Laird, hereby agree with him and with each other, that whereas he has become financially embarrassed, and is not able to pay all of his debts in full, and whereas, both he and we are desirous that he should continue to carry on business in the city of Philadelphia, with a view to paying as great a percentage as possible on the debts now due from him to us; and whereas, we recognize the fact that if he should now turn his available assets into cash in order to pay the said debts, we would each and all of us receive less upon our respective claims, and thereby suffer damages, now we, the creditors as aforesaid, do hereby agree with him, and with each other, to accept from said Laird, in full of said claims respectively thirty per centum of the same respectively, namely, as the amounts are hereinafter set forth opposite our names, and to release the said Laird upon the payment of the said thirty per centum, from all further liability on said claims : said thirty per centum to be paid to us in the manner hereinafter set forth, namely, ten per cent. without interest, to be paid within six months from the date hereof; ten per cent. in one year from the date hereof, and ten per cent. in eighteen months from the date hereof, the same to be secured by delivering to us the promissory notes of said Laird, endorsed by a satisfactory endorser, for the amounts and the terms hereinbefore expressed.

" Witness our hands and seals this twenty-sixth day of November, A. D. one thousand eight hundred and seventy-seven (1877)."

The plaintiff, Campbell, resided in New York, and was not present at the creditors' meeting in Philadelphia. Mr Laird afterwards handed the agreement to Thomas A. Young, a member of the firm of Mairs & Co., of New York, with instructions "to present it to the New York creditors for their signatures." Young presented it to Campbell, and, after some conversation, in which Young assured him that the firm of Mairs & Co., of New York, of which firm Young was a member, would sign the agreement, Campbell signed it.

Campbell testified as to this interview :—

[Laird v. Campbell.]

" This gentleman, Mr. Young, who is the managing man of William H. Mairs, and whom I have been a long time acquainted with, called upon me in company with some gentleman whom I did not know—with this compromise paper, and Mr. Young told me that Mr. Laird was about being in a very bad condition, and he thought this compromise would get him out, if he could get him through on this, that he proposed to pay thirty cents on the dollar. I said to Mr. Young, is your house a creditor in this case? He says, yes. I says, how is it that your house has not signed this paper? He says, speaking as he does of his house, the old man (Mr. Mairs) is not at home, but I can assure you that when he returns he will sign for our house. Then I said, Mr. Young, upon the strength of what you state, whether it is five cents on the dollar that Laird will pay or one hundred, it makes no difference to me so long as you do what is fair, under the rule, and that is, that all creditors fare alike; consequently I signed his compromise paper.

" I refused to take those notes afterwards from the fact that Jones and Smith got fifty cents on the dollar, and likewise Mr. Mairs one hundred cents of his claim. They deceived me—Mr Young did, perfectly, that is my reason. . . . I understood Mr. Young to say it was perfectly understood that unless all his creditors signed, it would not mean a compromise; on the other hand, if they were to be paid off by piecemeal, I should certainly have wanted to know what somebody else was going to get. That was my business view of the compromise."

Laird testified that Young had no authority to make any promise that other creditors should sign, for the purpose of inducing Campbell to sign, and Young also admitted this.

It appeared in evidence that some of the creditors had been paid in full, and others had been settled with for more than thirty per cent. of their claims.

The defendant having been called as a witness on his own behalf, plaintiff's counsel asked the question, on cross-examination, " Who of your creditors did not sign the agreement?" Objected to as irrelevant, because the fact that all creditors did not sign, does not, under the law of this state, render the agreement nugatory. Objection overruled. Exception. The witness answered that the firm of Mairs & Co. and other creditors did not sign, they having been settled with otherwise.

The plaintiff, in support of his claim on the book account, offered in evidence his " journal," or book containing the entries on which suit was brought. He testified that when the orders were originally taken by his agent, in Philadelphia, they were entered by the agent in an " order book," and on the dates when the goods were shipped the entries were transferred to the journal with the prices; that it might be thirty days or

4 OUTERBRIDGE—11

[Laird *v.* Campbell.]

more after receiving the orders before the entries were made in the book offered in evidence. The defendant objected to the admission of the book. Objection overruled. Exception.

The defendant presented, inter alia, the following points :—

4. If Mr. Young exceeded his authority in making promises to the plaintiff outside of the terms of the agreement, it does not release Mr. Campbell. Refused.

5. If Mr. Young promised Mr. Campbell that Mr. Mairs would sign or that it would be all right when he returned, the refusal of Mr. Mairs to sign subsequently would not release Mr. Campbell, unless it is shown that Mr. Young was authorized to make the promise, and not even then, unless the promise was made with fraudulent intent. Refused.

Verdict for the plaintiff for $501.33, being the full amount of his claim, and judgment thereon. The defendant took this writ of error, assigning for error the admission of the question to defendant as to which of his creditors did not sign ; the admission of the "journal" as a book of original entries ; and the refusal of his 4th and 5th points, as above.

*Hunn,* for the plaintiff in error.—Under the ruling of this court in the former writ of error in this case (11 Norris 473), the question to defendant was inadmissible.

Campbell, having signed the agreement, cannot be released by any promise of Young that others would sign, because (1) it is admitted Young had no authority to make such promise ; (2) such promise, being executory, was not a misrepresentation ; and (3) Campbell's signature operated as an inducement to other creditors who did subsequently sign. Campbell might have ascertained the extent of Young's authority, but did not and he cannot now avail himself of his own negligence to escape from the effects of his signature: Whiting *v.* Lake, 10 Norris 353 ; Shelhamer *v.* Thomas, 7 S. & R. 109.

One seeking to charge another through an agent must not only establish the fact of the agency, but also the extent of it : Union Refining Co. *v.* Bushnell, 7 N. 91 ; Hays *v.* Lynn, 7 Watts 524 ; Moore's Ex'rs *v.* Patterson, 4 Casey 505 ; Phila. & Reading R. R. Co. *v.* Johnson, 7 W. & S. 328 ; Kerns *v.* Piper, 4 W. 222.

The agreement of composition contained all the authority there was. The pretension by an agent to extraordinary powers, or peculiar powers, is by itself sufficient to arouse suspicion : Wharton's Commentaries on Agency and Agents (1876), § 139.

*John G. Johnson* (*Albert L. Wilson* with him) for defendant in error.—It is admitted that some creditors were paid in full, and one creditor was paid fifty per cent. to induce him to

[Laird v. Campbell.]

sign the agreement. It is well settled that an agreement by a creditor to accept less than the amount of his claim, on condition that all the creditors sign, is not a discharge of the debt, if all do not sign and some are paid in full : Greer v. Shriver, 3 P. F. Smith 259 ; Robbins v. The Church, 2 W. N. C. 592.

A party seeking to enforce a contract made by his agent, is bound by his declarations made at the time, although he exceeded his authority. If he would have the benefit of the bargain, he must adopt it as his agent made it : Keough v. Leslie, 8 W. N. C. 172 ; James v. Building Ass'n. 9 W. N. C. 325 ; Mundorff v. Wickersham, 13 P. F. S. 87 ; Bennett v. Judson, 21 N. Y. 238. A debtor cannot have the benefit of a compromise and release effected by his agent, without adopting all the representations made by the agent to the creditors in negotiating it : Crans v. Hunter, 28 N. Y. 389.

In view of the evidence that the promise made by Young to Campbell was the very inducement which secured Campbell's signature to the agreement, under the above authorities, there was no error in the refusal to charge as requested by defendant in the fourth and fifth points. The court fairly left the matter to the jury.

The principle above contended for is not altered by the fact that the representation was as to something to be done by a third party, when that party is a creditor, and sustains the same relation to Laird that Campbell does. For, as the condition was that all the creditors should sign, the payment of any one in full would not prevent the other creditors from collecting their claims in full, notwithstanding their signatures to the compromise.

Nor is the position tenable, that Campbell is bound because he could have ascertained for himself, by inquiring of Laird, what Young's authority was. In all the foregoing cases, the parties dealing with agents could likewise have made inquiry of the principals, and were not estopped thereby from setting up the representation of the agent, which induced them to contract.

Mr. Justice Trunkey delivered the opinion of the court May 22d 1882.

Laird was engaged in business in Philadelphia, and having become financially embarrassed, called a meeting of his creditors, when nearly all of them signed an agreement of composition. Afterwards he sent this agreement to Young, in New York, with instructions to present it to his New York creditors for their signatures. Young presented it to Campbell, who signed it. There is testimony to show, and the verdict establishes, that immediately before the signing by Campbell, Young

told him that Mairs & Co. would sign, and that it was perfectly understood, that unless all Laird's creditors signed the agreement, it would not be binding.   Mairs & Co. and other creditors did not sign, and some of these were paid in full : one who signed, did so upon the promise that he should receive fifty per centum of his claim, and he was paid accordingly.

A composition agreement between a debtor and a part of his creditors is valid, unless it appears that the agreement was contingent upon all the creditors, or a certain number, uniting therein, or the debtor has failed to comply with the terms of the composition.   Therefore, the agreement between these parties, on its face, binds them : Laird *v.* Campbell, 92 Pa. St. 470.   An agreement by a creditor to take less than his claim, upon condition that all the creditors become parties to it, is not a discharge of the debt, unless all do become parties : Greer *v.* Shriver, 53 Pa. St. 259.   This case is not controlled by the consequences, as between Laird and those creditors who signed the agreement, either before or after Campbell's signature.   It matters not whether the agreement is valid or invalid with respect to the prior signers, or subsequent.   The contest is between Laird and Campbell only, and depends entirely upon the question whether Laird induced Campbell to enter into the agreement by a statement that it should not take effect till signed by all his creditors.   It was competent for the parties to make such condition orally, and if they did, Laird has no defence by virtue of the composition, for he testifies that all did not agree to it, and some were paid in full.   A writing may be explained, varied or added to, by parol, where it is shown that but for the oral stipulations, the writing would not have been executed : Caley *v.* Railroad Co., 80 Pa. St. 363.

Young had no authority to make the representations; but the paper was entrusted to him with instructions to present it to the New York creditors for their signatures.   The representation was in the course of the business of his agency, made to induce the creditor to sign, and the debtor cannot have the benefit of the agreement, except upon the condition which induced the making of it.   Caley *v.* Railroad Co., supra ; James *v.* Building Ass'n., 9 W. N. C. 325 ; Bennett *v.* Judson, 21 N. Y. 238 ; Crans *v.* Hunter, 28 N. Y. 389.   The extent of Young's authority is admitted by his principal, and the declarations were not offered to prove his authority.   Naturally, the creditor would inquire respecting other creditors.   The agent's answer was as clearly within the scope of his employment, as the unauthorized warranty of the quality of goods by an agent for their sale.   If the principal claims the benefit of the contract, or receives and holds the price, he must perform his part of the bargain.   The rule that " where one of two innocent

persons must suffer by the fault of a third, the loss must fall on him who reposed the confidence," may have some application; but if so, not that urged by the plaintiff in error. Laird reposed the confidence, placed Young in position to deal with Campbell, and Campbell dealt with him just as he would have dealt with Laird respecting the composition.

The objection to the question set forth in the third specification of error was on the ground of irrelevancy. If not admissible at the time it was asked, it became so when proof was made that Campbell was induced to become a party to the agreement by the statement that it would not be binding till all the creditors signed. It has often been ruled that if testimony, incompetent at the time of its admission, becomes competent at a later stage in the trial, its admission is not cause for reversal.

A party's books, kept for the purpose of charging goods sold and delivered, in which the entries were made contemporaneous with the delivery of the goods, and by the person whose duty it was, for the time being, to make them, are admissible as evidence of the delivery of the goods therein charged : 1 Greenl. Ev. § 117. If the goods were charged before the contract of sale was complete, the book is not competent evidence. The entry must be made at the delivery of the goods, or immediately after; at or about the time when there is a transmutation of the property from the vendor to the vendee : Parker v. Donaldson, 2 W. & S. 9. The plaintiff's open order-book was not evidence. When the order was entered therein no property in any specific goods had passed. The book containing the entries made at or about the time the goods were delivered, was evidence.

Judgment affirmed.