# Commonwealth of Pennsylvania *v.* Gray, Appellant.

*Criminal law—Unlawful use of dynamite—Blowing up of store building—Evidence—Admissibility—Charge of the court.*

In the trial of an indictment, charging the unlawful use of dynamite, the court did not err in refusing to direct a verdict for the defendant, where evidence was produced to prove that the defendant, prior to the explosion, had in his possession a quantity of dynamite which he did not have afterwards, that he admitted his connection with the explosion to certain witnesses, and at least to one of them he made threats that he would kill the witness if he should testify as to certain facts which might establish the guilt of

the defendant. In such case, there was sufficient evidence to warrant the jury in finding that the actual preparation of the crime was inaugurated by the defendant, and a verdict of guilty will be sustained.

*Trials—Remark of counsel—Refusal to withdraw a juror—Witnesses—Cross-examination.*

A statement by counsel for the Commonwealth that one of the witnesses had testified that he was in a position where he could not be seen, was not sufficient evidence to justify the withdrawal of the jury. The court very properly left it to the jury to ascertain what was the true statement of the facts, and while the remarks of counsel might have been inaccurate they did not constitute reasons for withdrawing a juror.

Where a witness has been called generally she can be cross-examined and her testimony can be impeached. The order of proof is within the discretion of the trial judge, and the Superior Court will not reverse, in the absence of proof of such an abuse of discretion as would materially affect the defendant's case.

Argued April 13, 1921. Appeal, No. 90, April T., 1921, by defendant, from judgment of Q. S. Indiana County, June Sessions, 1920, No. 44, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Sam Gray. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for unlawful use of dynamite. Before LANGHAM, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were refusal to withdraw a juror and continue the case because of improper remarks of the counsel, and refusal to give binding instructions in favor of the defendant.

*Charles J. Margiotti,* and with him *James W. Mack,* for appellant.

*Geo. J. Feit,* and with him *Samuel Cunningham* and *Wilmer H. Wood,* District Attorney, for appellee.

OPINION BY TREXLER, J., July 14, 1921:

The defendant was indicted for having placed a large quantity of dynamite at or near the building of one Profugi with intent to do bodily harm and to destroy and damage the building and storeroom. The Commonwealth proved that on the 24th of December very early in the morning the storeroom of Profugi was shattered by an explosion of dynamite placed against the side of said building. The dynamite was fired through a fuse which led from the point of the explosion to the rear of the building. The tracks of two men were visible after the explosion. Profugi and the defendant were rivals in business, their stores being on opposite sides of the same street. About two days before the commission of the crime defendant had in his possession in a room in his house, used as a storage room, a number of sticks of dynamite and a fuse similar to that used. After the crime was committed this dynamite and fuse were no longer in the room. Defendant did not keep dynamite for sale. On the 23d of December defendant discussed with his wife a plan to blow up a store with dynamite. The particular store was not mentioned but defendant had remarked that it was not good to have two stores so close together. On the day preceding the explosion two strange Italians visited the defendant and remained with him for about an hour, and were never seen thereafter. On the night on which the explosion occurred, the defendant was at a place some miles distant, and his absence seems to have been established by undoubted evidence, but there is evidence submitted by the Commonwealth that both Gray and his wife had knowledge that the explosion was to occur; that they admitted their connection with it to some witnesses, and that at least to one of these the defendant made threats that he would kill the witness if he would say

anything about certain facts which bore upon the guilt of the defendant which had come to the knowledge of the witness. It seems to be clear that under this evidence if believed, the court could not instruct the jury to acquit the defendant. Although the defendant was not present at the time of the commission of the crime, there was sufficient evidence to warrant the jury in finding that the actual preparation for it were carried out, and the scheme inaugurated by the defendant. The motive was present, and sufficient circumstances shown to connect him with the crime.

In addressing the jury counsel for the Commonwealth said that one of the witnesses who testified to a conversation between Gray and his wife had said that he was in a place where there was a lot of things in the middle of the room, and that he could not be seen. Prompt objection was made to this statement of counsel, and the court told the jury that his recollection of the testimony coincided with that of the counsel for the Commonwealth. The counsel for the Commonwealth again repeated the statement. The court declined to withdraw a juror, and in his charge to the jury said, "There has been some controversy here between counsel as to the testimony of a certain witness. We say to you that that is a matter for you, and no matter what counsel says in either side, and no matter what the court says, you must make up your verdict from your own recollection of the testimony as given from the witness stand, and the credibility of the witness is for you." A reference to the stenographer's transcript shows that a witness testified that he was sitting on a box in the corner, that there were lots of boxes in the room, and lots of boxes in the middle of the room; and that the defendant came down from upstairs and stopped in the door and had a conversation with his wife relating to the dynamiting of the store. This leaves the question of whether the defendant saw the witness undecided. There may be an inference that there being lots of boxes in the middle of the

room, and the witness sitting in the corner on a box, that the defendant did not see him. When Mrs. Gray was called, her counsel evidently having the same impression, asked her, "Was there anything piled in the middle of the store to obscure or keep you from seeing all over the store?" and she answered that she could see all over. We do not think under the circumstances that the refusal to withdraw a juror was reversible error. The court properly left the determination as to what was a true statement of fact to the jury. The statement of counsel for the Commonwealth was inaccurate, but it would have been proper for him to argue to the jury that the inference might be drawn that the defendant did not see the witness when the conversation in question was had, and as the defendant had the benefit of his wife's complete denial as to any boxes being in the room, we think no harm was done by the remark.

The wife of the defendant was offered generally as a witness in his behalf. She contradicted almost every statement made by the Commonwealth's witnesses where their testimony involved her. After the defendant had closed, Smartina, a brother of Mrs. Gray, was called and was asked as to who Mrs. Gray had said had blown up the store, and the answer was admitted without objection, "Sam did, but do not tell anybody." This was followed by question, "What did she say as to the amount of goods they were selling?" The objection was made to this that it was not contradiction and the objection was sustained. Thereupon in order to lay the foundation for such contradiction, Mrs. Gray was called for further cross-examination, and was asked whether she did not state to her brother Sam that the goods were selling now. She denied ever having such conversation with him. Following this Smartina was called and testified that Mrs. Gray had said she sold more goods since the explosion than before. We see no error in this. Mrs. Gray was a witness generally after she had been called by her husband and could be cross-examined and her testimony

could be impeached. The order of proof was within the discretion of the court, and we see no abuse of it in the allowance given to defendant to put the question to Mrs. Gray. See Com. v. Wilson, 186 Pa. 1; Com. v. Weber, 167 Pa. 153; Com. v. Biddle (No. 1), 200 Pa. 640. The matter at best was unimportant and could do no harm to the defendant.

The assignments of error are overruled, the judgment is affirmed and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.