Commonwealth *v.* Cohen et al., Appellants.

Argued April 23, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Francis T. Anderson,* with him *William A. Gray* and *Norman Snyder,* for Cohen, appellant No. 54.

*Robert W. Beatty,* with him *Robert B. Greer,* for Doblitz, appellant No. 55.

*Karl W. Johnson,* Assistant District Attorney, with him *C. William Kraft,* District Attorney, for appellee.

OPINION BY DITHRICH, J., July 19, 1945:

Defendants have appealed from the refusal of their motion for a new trial after they had been convicted of the crime of receiving stolen goods. The cases were tried together and while separate appeals have been taken they will be disposed of in one opinion.

The facts are simple and for the most part not in controversy. In October of 1943 when, as now, it was very difficult to buy a radio, defendants purchased five radios from two confessed burglars for the sum of $110. Four of the five were identified as having been stolen from residences in the Philadelphia district and cached in a garage. The contact between the thieves and the defendants was made by one John McCaulley, who was a fugitive from justice when the case against the defendants came on for trial. He had previously become acquainted with Alphonse Fuglio, one of the sellers, while both were serving a term of imprisonment at Broadmeadows Farm, Delaware County, Pennsylvania.

Pursuant to the arrangement made by McCaulley, Fuglio, in an automobile driven by Nunzio Castiglione, took the stolen radios into an alley in the rear of the "520 Edgmont Grille." They were joined there by the defendants who examined the radios with the aid of some lighted matches, a flashlight, and the dome light of the automobile, and after some dickering as a result of which the asking price of $200 was reduced to $110, the deal was closed

One of the radios was a large console model and the others were small table models. The large radio and three of the small ones were placed in defendant Cohen's automobile and the other one was carried into the rear of the "Grille" and placed beside the refrigerator by defendant Doblitz. Four of the radios later were recovered, two from employees of the International Scrap Iron and Metal Company, to whom they had been given by Cohen who was secretary and assistant treasurer of the company, and two from the possession of Cohen, himself. The fifth was not recovered. Doblitz is a vice-president of the scrap company.

No complaint is made of any error in the trial of the case, the appeal of the defendants being based solely on the ground that the verdict of the jury was against the weight of the evidence; that Fuglio and Castiglione later recanted their testimony given at the trial and on alleged after-discovered evidence.

The only point on which there was any serious conflict in the evidence is whether the defendants had been told by Fuglio that the radios had been stolen. Both he and Castiglione testified that they were so told. But as stated by the learned trial judge, even if they had not been told that they had been stolen, the circumstances under which they were acquired ". ... from two men who certainly looked their real characters, to-wit: criminals of the worst type . . . should have prompted defendant(s) to inquire as to where and how the sellers had acquired the radios." Without the direct and positive testimony that defendants were told the radios had been stolen, there was ample evidence to justify a reasonable and natural inference by the jury that they had been stolen and that defendants purchased them with knowledge of the fact: *Com. v. Meyers,* 154 Pa. Superior Ct. 8, 34 A. 2d 916; *Com. v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314. "Proof of guilty knowledge, involving guilty intent, is essential to the Commonwealth's case, but may be supplied by other than direct

evidence:" *Com. v. Parshall,* 139 Pa. Superior Ct. 161, 163, 11 A. 2d 506.

The so-called "after-discovered" evidence is an affidavit by John McCaulley who, as heretofore stated, was a fugitive from justice when the case against the defendants was called for trial. No motion was made to postpone the trial because of the absence of McCaulley and the gist of his affidavit is that the testimony of Fuglio and Castiglione given at the trial of the defendants was false. Strictly speaking, this is not after-discovered evidence but even if it were, as stated by the learned judge of the court below: ". . . we cannot believe that the jury [in the light of it] would have arrived at a different verdict."

We have given consideration to the testimony of Fuglio and Castiglione in the case of Com. v. John Mc-Caulley, although it is not a part of the record. The testimony appears in the petition of Morris Cohen for the remission of the record to the court below for the purpose of the reconsideration of the motion for a new trial in connection with the after-discovered evidence heretofore referred to, and in the petition of Joseph Doblitz for the remission of the record in order that an application might be made to the court below to permit the testimony to be added to the record in his case. Although it appears that Fuglio and Castiglione recanted the testimony given at the trial of appellants, it appears they did so merely because they were disgruntled over the refusal of the court to reduce their sentences previously imposed for the commission of some thirty burglaries. It is true they stated that they were both "promised a lot of things to testify" but they did not say by whom the promises were made or whether their testimony that appellants knew the radios were stolen was not true. Fuglio testified ". . . there are a lot of things ain't true and a lot is true . . ." but he was not asked nor did he state what things were true and what were not true. And as we have heretofore pointed out,

there was sufficient evidence to warrant the conviction of both appellants without the testimony of the sellers of the radios and in our opinion no proper purpose would be served by remitting the record or by granting a new trial.

We would not sustain the conviction if we felt for a moment that either of the appellants had been unjustly or unduly prejudiced by the testimony of Fuglio and Castiglione, but after a careful review of all of the evidence, including the testimony appearing in the supplemental record, we feel that they were properly convicted after a fair, just and impartial trial.

The assignments of error are overruled, the judgments are affirmed, and it is ordered that the record be returned to the court below and that the defendants appear in that court at such time as they may be there called, and be committed until they have complied with their sentences or so much thereof as had not been performed at the time their appeals were made a supersedeas.