## Commonwealth *v.* Joyce, Appellant.

46

Argued March 5, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William Joyce,* in propria persona, with him, *Howard L. Fussell,* for appellant.

*Carlon M. O'Malley,* Assistant District Attorney, with him *James F. Brady,* District Attorney, for appellee.

OPINION BY HIRT, J., April 17, 1946:

Defendant, William Joyce, was convicted by a jury on each of eight indictments charging him with receiving stolen goods. He was sentenced on but three of the convictions. Before trial, the offer of the judge to assign counsel to represent defendant was refused by him. Although from choice he conducted his own defense, he did not suffer thereby. Throughout the trial, he disclosed a working knowledge of the rules of evidence and the appropriate procedure for the protection of his rights. He knows his way about in a quarter sessions court. In the few instances where he was hesitant, the trial judge came to his assistance with helpful suggestions. Defendant appealed from three judgments of sentence. In general he contends that the testimony is insufficient to prove the offenses charged, and in each

instance, that "the testimony of the Commonwealth lays the commission of a crime, if any, in Luzerne County and not" within the jurisdiction of the court in which he was tried. Both contentions are without merit.

Between January 1, and April 23, 1944, a series of statutory burglaries were committed in the City of Scranton. Eight separate business places were broken into at night in the same manner and from each of them were stolen one or more typewriters, adding machines, cash registers or other similar office equipment. Almost all of the stolen property was recovered by the police and was identified at the trial by serial number or otherwise by the owners. Much of the stolen equipment was found in the store of one Albert Graf, a dealer in new and used typewriters and office equipment in Kingston in Luzerne County. Other stolen articles were found in the possession of those who had acquired them from Graf, through other dealers to whom Graf had sold them. Graf has conducted a reputable business for many years and has been absolved from receiving the property with knowledge that any of it had been stolen. Graf testified that on each occasion a man who gave his name as Johnson appeared at his office early in the morning and offered equipment for sale which he had brought with him in his Chevrolet automobile. On the first occasion he plausibly stated that he was a dealer in used cars and that in going about the country on his business, opportunities arose for the purchase of used office equipment. On the strength of his representations Graf bought the stolen property from him. The clues to the identity of Johnson were supplied by his subsequent random conversations with Graf, in which he stated that on one occasion he had run for the office of mayor of Scranton and, on another, for the office of sheriff of Lackawanna County; that he also was interested in raising dogs and maintained a kennel in Scranton. Upon investigation, it was found (and established by testi-

mony in these cases) that defendant Joyce had been a candidate for both of the above offices, and that he raised dogs. He was known to have a used car dealer's license. His photograph was obtained at the police barracks and after it was shown to Graf, the defendant was arrested. Graf thereafter positively identified Joyce as the Mr. Johnson who had sold him all of the stolen property. His testimony at the trial as to identification was equally positive and was unshaken.

The testimony supporting each of the three indictments clearly shows the defendant in possession of property recently stolen. On the evidence available to the Commonwealth, this defendant properly might have been charged with larceny of the goods and even burglary. Possession of goods recently stolen is evidence that the possessor is the thief; (*Com. v. Chester,* 77 Pa. Superior Ct. 388; *Com. v. Dock,* 146 Pa. Superior Ct. 16, 21 A. 2d 429), and if the larceny was committed in the perpetration of breaking and entering, such possession is evidence of guilt on a charge of statutory burglary. *Com. v. Lindie,* 147 Pa. Superior Ct. 335, 24 A. 2d 39. Cf. *Com. v. Parker,* 294 Pa. 144, 150, 143 A. 904. On the same principle, where the indictment charges only receiving stolen goods, unexplained possession in the defendant of property recently stolen may be evidence of guilt. 45 Am. Jur., Receiving Stolen Property, §18; 68 A.L.R. 178. But any "presumption" (in strictness, the use of the word may be questioned where the guilt of a defendant is the issue) from such possession is one of fact and not of law *(Com. v. Newman,* 276 Pa. 534, 120 A. 474) and it is for the jury alone to say whether the guilt of a defendant is a reasonable inference of fact, fairly deducible from his possession of recently stolen property, in the light of all the circumstances including the reasonableness of his explanation, if any, as to how he came by them. *Com. v. Dock,* supra. In the present cases the defendant took the stand in his own behalf and denied that he dealt with Graf or that he ever had the stolen goods.

Defendant's testimony is not credible. It is positively established that the property had been stolen and that defendant had possession of it. The third essential element, that the defendant received the property knowing it as stolen, (*Com. v. Marmo,* 137 Pa. Superior Ct. 467, 9 A. 2d 181) is established by sufficient circumstances which the jury accepted, including the fact that he went under an assumed name. One dealing in honest goods has no need of an alias. Cf. *Com. v. Parshall,* 139 Pa. Superior Ct. 161, 11 A. 2d 506.

All charges in the eight indictments on which defendant was convicted were related identical offenses committed by him in series between January and April, 1944. Bearing upon the question of defendant's guilty knowledge that the goods were stolen, the testimony in all of the cases, therefore, may be considered. *Kilrow v. Com.,* 89 Pa. 480; *Com. v. Johnson,* 133 Pa. 293, 19 A. 402; 45 Am. Jur., Receiving Stolen Property, §19. Defendant brought the equipment to Kingston and usually appeared at Graf's office before eight in the morning. In each instance the stolen property was sold to Graf by defendant within a very short time after the burglary and larceny. The Evans burglary occurred on the night of April 27, 1944 and defendant sold the stolen adding machine and cash register to Graf on the following morning. In the Narvid case the equipment bought by Graf from defendant on Tuesday, January 4, 1944 had been taken in a burglary during the New Year holiday. Defendant sold an adding machine and a typewriter to Graf on February 12, 1944 following a burglary of R. A. Davis's premises the night before. The Keystone Printing burglary occurred in the early morning of February 17, 1944 and defendant delivered the stolen adding machine to Graf on the same day. Defendant might have been imposed upon by the thief in one instance but hardly could have received goods on eight similar occasions, innocently. It was a fair deduction, if not the only reasonable inference, that (in the short interval

between the larceny in each instance and defendant's proven possession) he could not have received any of of the property without knowledge that it had been stolen.

The same inferences from, though limited to, the testimony in the cases before us on appeal, dispose of the jurisdictional question as to venue. Kingston in Luzerne County is but a few miles over the county line from Scranton. It was reasonable for the jury to conclude on this jurisdictional question, under the helpful and impartial instructions of the trial judge, that defendant's possession originated in Lackawanna County. His home was in Scranton where he kept his Chevrolet car. It was in this automobile that he transported the stolen property to Kingston. Again, the short interval between the burglary and larceny in Scranton and the delivery of the stolen property in Luzerne County charges defendant, as a sensible inference, with receiving the property in Scranton where it was stolen. The time element in each instance rebuts every probability that the goods were received elsewhere. In one of the cases there is other testimony strengthening the inference. In the cash register when stolen from Evans, there were a large number of gasoline ration coupons which Evans had received from customers, and among them A coupons endorsed "Pa. 27U11". One of these coupons was found in defendant's residence in Scranton after his arrest. This was the license number of a regular customer of Evans who testified that the endorsement on the coupon was made by him before depositing it with Evans on purchasing gasoline at his station. Venue may be proved by circumstantial evidence, 2 Wharton's Crim. Ev. 11th Ed. 1621, §928.

Defendant assigns as error the admission of testimony of Edward James, a detective, who had located stolen property in Philadelphia which had been dealt in by one Crowell. On information received, he questioned Graf who admitted that he had sold the machines to

Crowell. James further testified that Graf said he had bought the property from a Mr. Johnson who told him he had run for the offices of Mayor of Scranton and Sheriff of Lackawanna County; that he was in business in Scranton and "could bring him a lot of machines"; and that Graf identified defendant from a photograph shown him. This, with similar testimony, was admitted over defendant's objection that it was hearsay. True, it was given before Graf took the stand, but the Commonwealth's offer of it stated that he would be called. Graf later testified to the identical conversations with defendant and, when the defendant on cross-examination attacked his credibility, this, along with other similar testimony from other witnesses after the attempted impeachment of Graf, became competent as a consonant statement at a prior time, substantiating his testimony given on the trial and rebutting every inference that it was a recent fabrication. *Com. v. Westwood,* 324 Pa. 289, 306, 188 A. 304; *Com. v. Goetz,* 129 Pa. Superior Ct. 22, 29, 195 A. 144. The order of proof is within the discretion of the trial judge *(Com. v. Gray,* 77 Pa. Superior Ct. 315) and if evidence, though incompetent when received, later becomes competent, its previous admission is not reversible error. *Laird v. Campbell,* 100 Pa. 159; *Com. v. Mellet,* 27 Pa. Superior Ct. 41; *Com. v. Klein,* 42 Pa. Superior Ct. 66.

Defendant argues that the reference in the court's charge to the testimony of detective James, that when defendant's photograph was shown to Graf he said that was the Mr. Johnson from whom he bought the goods, was prejudicial. It was not, for reasons above stated. The photograph, admittedly of defendant, was produced in court in response to his request, but when offered, was not admitted in evidence because of defendant's objection. The ruling was to the advantage of defendant for no valid reason for excluding it, appears.

We have considered the remaining assignments of error and find no merit in them.

Judgments affirmed.