Commonwealth *v.* O'Keefe, Appellant.

Submitted April 21, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*William A. Gray, Francis T. Anderson, Glenn E. Mencer* and *Gray, Anderson, Schaffer & Rome,* for appellant.

*C. W. Shattuck,* District Attorney and *R. T. Mutzabaugh,* Deputy District Attorney, for appellee.

OPINION BY RHODES, P. J., July 13, 1954:

This appeal is from conviction and sentence of appellant on a charge of burglary.

The sole question involved on this appeal is whether the evidence was sufficient to sustain the conviction.

On Sunday, June 11, 1950, about nine o'clock in the evening, the proprietor of a sporting goods store, in Kane, McKean County, discovered that five revolvers had been taken from his store during the day. No one was seen to enter or leave the store; and the method of entry does not appear.

Some time between the closing hour on Saturday, June 10th, and the opening hour on Monday, June 12th, two pieces of luggage, six new suits of clothing, and two dozen pairs of gloves had been taken from the Rosenbloom department store in Coudersport, Potter County. There was evidence of an unlawful entry.

A witness testified that appellant had purchased gasoline about 8:30 p.m. on June 11th at Murray's Esso Station located one mile west of Coudersport. He stated that appellant was driving a 1949 black Buick automobile and was accompanied by another man. Coudersport is located in Potter County about fifty miles east of Kane and one hundred miles west of Towanda, Bradford County.

About eleven o'clock on the morning of June 12th, appellant and one Stanley Gusciora left Towanda in the Buick sedan owned and operated by appellant. The car bore license tags of the state of Massachusetts. They were proceeding toward Waverly, New York, when they were stopped and placed under arrest by members of the Pennsylvania State Police. At the time, appellant was driving his car.

Substantially all the articles which had allegedly disappeared from the Kane and Coudersport stores were found in appellant's automobile. Four traveling bags (Commonwealth's exhibits 1, 2, 8, 9) were in the car. A clerk in the Rosenbloom department store at Coudersport testified that bags designated as exhibits

2 and 9 had been taken from that store. Both of these bags contained some of the articles that disappeared from the Coudersport store. Exhibit 1 contained the five revolvers, identified by the serial numbers, that had disappeared from the sporting goods store in Kane; this bag also contained some of the articles taken from the Coudersport store and a quantity of ammunition. Exhibit 2 contained articles taken from the Coudersport store. Exhibit 1 was found on the floor of appellant's car behind the driver's seat; the other three bags were in the trunk.

At the time of his arrest appellant stated that exhibit 9, which had been taken from the Coudersport store and which contained some of the items taken from that store, was his own traveling bag.

Both appellant and Gusciora were indicted in Bradford County on the charge of unlawfully carrying firearms in a motor vehicle, the identical property taken from the Kane store on the previous day. On this charge Gusciora was tried and found not guilty. Appellant pleaded guilty and was sentenced to undergo imprisonment for a term of three years. The record in the case of Commonwealth v. Joseph J. O'Keefe and Stanley A. Gusciora in the Court of Quarter Sessions of Bradford County was introduced in evidence, and it was stipulated as to the indictment, the plea of guilty of appellant, and the trial and acquittal of Gusciora.

On October 3, 1950, appellant and Gusciora were indicted separately, in McKean County, in connection with the disappearance of the revolvers from the Kane store. Each of these indictments contained three counts—(1) burglary, (2) larceny, and (3) receiving stolen goods. Gusciora was tried on the first and third counts, and on October 10, 1950, he was found guilty of burglary and not guilty of receiving stolen goods. Sentence was imposed, and on appeal judgment was

affirmed by this Court on July 19, 1951, in *Com. v. Gusciora*, 169 Pa. Superior Ct. 27, 82 A. 2d 540.

Appellant was brought to trial in McKean County after service of the sentence of imprisonment imposed by the Court of Quarter Sessions of Bradford County.

Appellant did not testify or introduce any evidence at his trial. On March 4, 1954, the jury returned a verdict of guilty of burglary and not guilty of receiving stolen goods. The count charging larceny had been withdrawn. The court imposed sentence of imprisonment for a term of not less than three years nor more than twelve years. From that judgment this appeal has been taken.

The only distinguishing feature between this case and the Gusciora case is that defendant testified in the Gusciora case, whereas, in the instant case, appellant did not take the stand.

Appellant contends that the possibility of sole action by another was eliminated in the Gusciora case by the testimony of the defendant himself; and that there was no such evidence in the case at bar. If the jury had believed fully the testimony of defendant in the Gusciora case, he would not have been convicted. However, there is no testimony in the case at bar showing Gusciora in Kane or that he was in the company of appellant in McKean County. But the controlling fact in appellant's conviction is that the firearms were feloniously taken from the store in Kane and on the following day were found in the unexplained possession of appellant.

Although the evidence in this case is circumstantial, it was, in our opinion, sufficient to warrant the conviction. The stolen articles were found in appellant's car, while being driven by him, less than twenty-four hours after the burglaries occurred. We think it is impossible to conclude that appellant had no knowledge of the

burglaries when, at the time of his arrest, he stated that one of the bags from the Coudersport store, which contained items taken therefrom, was his own traveling bag. This uncontradicted fact permitted a finding that appellant had knowledge of the origin and contents of that bag. Obviously the two burglaries were connected crimes; hence it was permissible to infer that appellant also knew of the origin and contents of the other bags which were in his car.

The Commonwealth's case rested principally upon the inferences which could be drawn from possession of the property immediately after a felonious taking. In *Com. v. Gusciora,* supra, 169 Pa. Superior Ct. 27, 82 A. 2d 540, we held that joint possession of stolen goods may support an inference of guilt on the part of either or both of the possessors. And since it is not incumbent upon the Commonwealth to prove the utter impossibility of appellant's innocence (*Com. v. Meyers,* 154 Pa. Superior Ct. 8, 34 A. 2d 916), we find no merit in appellant's contention that the Commonwealth must negative the possibility that some joint possessor other than appellant was the sole culprit.

It is well settled that, although possession of recently stolen property does not raise a legal presumption of guilt, and the burden is not shifted to the defendant to account for his possession at his peril, the fact of possession is evidence from which a jury may infer that the possessor was guilty of larceny, receiving, or burglary.

The burden of proof remains upon the Commonwealth, and it is for the jury to determine whether the guilt of a defendant is a reasonable inference of fact fairly deducible from his possession of the recently stolen property in the light of all the evidence. *Com. v. Joyce,* 159 Pa. Superior Ct. 45, 48, 46 A. 2d 529; *Com. v. Gusciora,* supra, 169 Pa. Superior Ct. 27, 32, 82 A.

2d 540. In the absence of an explanation by appellant, which he was privileged to withhold, it is not difficult to understand why the jury did not entertain a reasonable doubt of his guilt.

The circumstances established in this case reasonably and naturally justified an inference of guilt; the evidence was sufficient to sustain the verdict of the jury.

Judgment and sentence are affirmed; and it is ordered that defendant, if released on bail, appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence or any part of it which had not been served at the time his appeal was made a supersedeas.