**UNITED STATES ex rel. Andrew MALLORY**

**v.**

**David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 2665.**

United States District Court
E. D. Pennsylvania.

Sept. 30, 1964.

Paul Carpenter Dewey, Spencer Ervin, Jr. (Court appointed) Philadelphia, Pa., for plaintiff.

James C. Crumlish, Jr., Dist. Atty., Gordon Gelfond, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

HIGGINBOTHAM, District Judge.

This is a petition for a writ of habeas corpus to release relator, Andrew Mallory, from imprisonment in the Pennsylvania State Correctional Institution at Graterford, Pennsylvania.

Relator, who was represented by counsel, was tried before a jury and found guilty of burglary and aggravated assault and battery. On May 23, 1960, he received a sentence of 10 to 20 years on the burglary conviction, and 18 months to three years on the aggravated assault and battery conviction. At the sentencing, on the advice of counsel, relator withdrew his motions for new trial and arrest of judgment which were pending and did not appeal.[1]

---

1. Relator testified at the habeas corpus hearing that he did not appeal because he was advised that the Commonwealth would drop prosecution of other indictments for burglary which were still out- standing. These indictments were for unlawful entry of the individual rooms, which were rented by tenants in the house where the aggravated assault took place. Relator's decision not to appeal

In 1962 relator's petition for habeas corpus which had been filed in the Philadelphia Common Pleas Court No. 4, was dismissed per curiam.[2] On appeal to the Pennsylvania Superior Court, the lower court decision was affirmed. (Com. ex rel. Mallory v. Myers, 200 Pa.Super. 484, 190 A.2d 352 (1963).) After relator's petition for allocatur was denied by the Pennsylvania Supreme Court,[3] he instituted proceedings in this Court.

■ The sole issue[4] before me is whether relator's conviction of burglary "rests upon any evidence at all."[5] and more particularly whether there was any evidence, no matter what the quantum, that relator intended to commit a felony at the time of his entry into the building in question.[6] This is the test of due process set forth in United States ex rel. DeMoss v. Commonwealth of Pennsylvania, 316 F.2d 841, 843 (3rd Cir. 1963) where the Court, citing the United States Supreme Court, stated: " * * * this question turns *not on the sufficiency of the evidence,* but on whether this conviction rests upon any evidence at all.' " (Emphasis added.)

■ The evidence on the burglary conviction viewed in the light most favorable to respondent indicates that relator had never before been to the house where the acts in point took place. On March 23, 1960, he went to the house and asked the small boy who was at the door if his mother or anyone else was home. When he was told that only the boy and the babies were there, he asked "[h]ow long will she be gone?"[7] When the boy said he did not know, relator went upstairs to the second floor. When Mrs. Joyce Sanders, who lived on the first floor of the house and who rented rooms on the second floor, came home the boy told her that a strange man was in the house. She went upstairs and saw a radio and an open suitcase full of clothes on top of the bed in the front bedroom. When she turned to go downstairs she saw the relator and screamed. He grabbed her, put his hand over her mouth and threatened to harm the children. Mrs. Sanders testified that he then took her into the rear bedroom and forced her to have sexual intercourse with him. Several neighbors and "Buddy" Mallory, the tenant living in the middle bedroom on the second floor, came into the house shortly afterwards and relator ran from the house.

Miss Margaret Gibbs, the tenant of the second floor rear bedroom, testified that she owned the radio and did not authorize anyone to take it from her room to the front bedroom. Mr. Luther Dupree, the tenant of the second floor front bedroom, testified that he did not authorize anyone to take his clothes and pack them into his suitcase. Buddy Mallory, the grandnephew of relator, testified that he did not give relator permission to rummage through his things and "take them into some one else's room."[8]

Relator took the stand in his defense and testified that he was leaving for Washington and came to say goodbye to his relative, Buddy Mallory, and when Buddy was not there, he went upstairs to go to the bathroom. Relator testified

was freely and knowingly made with the benefit of counsel and there is no evidence of any coercion on the part of the prosecutor or the judge trying the case, or of incompetent representation by defendant's trial counsel.

2. C.P. No. 4, September Term, 1962, No. 3384.

3. Pennsylvania Supreme Court, Misc. No. 4, Allocatur Docket No. 4.

4. Relator has exhausted his state remedies. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

5. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). See also Garner v. State of Louisiana, 368 U.S. 157, 163–164, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).

6. The Act of June 24, 1939, P.L. 872, § 901, 18 P.S. § 4901, under which relator was convicted states: "Whoever, at any time, wilfully and maliciously, enters into any building, with intent to commit any felony therein, is guilty of burglary, * * *."

7. Record, p. 65.

8. Record, p. 106.

that while he was upstairs he suddenly "decided to take something." [9]

The Trial Judge's instruction on the issue of intent was quite thorough and cautious, "perhaps more so than the circumstances in the case warranted," said Common Pleas Judge Guerin in dismissing the writ.[10] The trial judge charged:

> "Now therefore, if you find, beyond a reasonable doubt, that this defendant entered these premises with intent to commit a felony, and the felony charged is the felony of larceny, that would warrant a verdict of guilty of burglary. * * *
>
> "The defendant has frankly admitted that he intended to take these things for the purpose of enriching himself.
>
> "Therefore, there is evidence, if you believe the testimony of the Commonwealth, supplemented by the admission of the defendant, that there was an intent to commit a felony of larceny.
>
> "Then you must go a step further and determine whether or not he entered the premises there with an intent in his mind to commit that felony. You must believe that he had that intent in mind. The *only way you can judge the processes going on in the mind of an individual, and the only way you can come to a conclusion as to his intent, is by the consideration of the acts performed by him.*" [11] (Emphasis added.)

The trial judge then went on to relate the testimony cited above as evidence of state of relator's mind when he entered the premises. And in an abundance of caution, upon the request of the then counsel for respondent, the Judge again reiterated the basic elements of this charge.[12]

█ Upon reviewing the record, I conclude that at the very least there was *"some evidence"* upon which a jury could infer that the relator had an intent to commit a felony when he entered the house and, though not necessary to this decision, under the Pennsylvania case law there was in all likelihood *"sufficient evidence"* to support the conviction. See Commonwealth v. O'Keefe, 175 Pa.Super. 491, 496, 106 A.2d 634 (1954). Since the conviction rests upon some evidence, the case does not rise to constitutional dimensions and thus the petition must be dismissed. United States ex rel. De-Moss v. Commonwealth of Pennsylvania, supra. The relator had a fair trial and was ably represented both in the Common Pleas Court and by court appointed counsel here. Indeed the Court takes official notice of the conscientious efforts of Paul Carpenter Dewey and Spencer Ervin, Jr., court appointed counsel, who worked diligently without compensation.

### ORDER

And now, this 30th day of September, 1964, the petition of Andrew Mallory for a writ of habeas corpus is hereby denied.

9. Record, p. 145.

10. Com. ex rel. Mallory v. Myers, 29 Dist. & Co.R.2d 557, 560, adopted by the Superior Court, Com. ex rel. Thomas v. Myers, at 200 Pa.Super. 452, 190 A.2d 359 (1963).

11. Record, pp. 215–16.

12. Record, p. 231.